The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.



_____
Mary Ann Whipple
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No.: 06-31501 |
| | ) | |
| Tilton Corporation, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Adv. Pro. No.  08-3165 |
| | ) | |
| William L. Swope, Trustee, | ) | Hon. Mary Ann Whipple |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| James Henry Tilton, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM OF DECISION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Plaintiff ("Trustee") in this adversary proceeding is the Chapter 7 Trustee of the estate of Debtor Tilton Corporation ("Debtor"). In his complaint, the Trustee alleges that two prepetition transfers by Debtor are preferential transfers under 11 U.S.C. § 547(b) – a $750 transfer by Debtor to Defendant James Henry Tilton ("Tilton") made within one year before the date Debtor's involuntary Chapter 7 bankruptcy petition

was filed, and a transfer by Debtor to Sky Bank nka Huntington National Bank ("the Bank") made within ninety days of the bankruptcy petition filing date in full payment of a promissory note personally guaranteed by Tilton and Defendant Barbara J. Tilton (collectively "Defendants").[1]

This adversary proceeding is before the court on Defendants' motion for summary judgment [Doc. #9], the Trustee's response [Doc. #11] and Defendants' reply [Doc. #12]. Defendants' motion is premised in part on facts deemed admitted under Federal Rule of Civil Procedure 36(a)(3), made applicable in this proceeding by Federal Rule of Bankruptcy Procedure 7036.[2] Deemed admitted in this proceeding is the fact that the $750 transfer was made in the ordinary course of Debtor's business and consisted of funds belonging to Tilton as part of his medical insurance flex plan and, as such, that the transfer was not a preferential transfer. Thus, only the transfer to the Bank and the resulting release of Defendants' liability as guarantors of the Bank debt is now at issue.

The district court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §1334(b) as a civil proceeding arising under Title 11. This proceeding has been referred to this court by the district court under its general order of reference. 28 U.S.C. § 157(a); General Order 84-1 of the United States District Court for the Northern District of Ohio. Proceedings to recover preferences are core proceedings that the court may hear and decide. 28 U.S.C. § 157(b)(1) and (b)(2)(F). For the reasons that follow, Defendants' motion will be granted.

## FACTUAL BACKGROUND

The following facts are undisputed as presented by the parties. Defendants are two of Debtor's principals. In October 2003, Debtor executed certain promissory notes ("Notes") to the Bank. The Notes were personally guaranteed by Defendants and were fully secured by all of Debtor's tangible and intangible assets. The Bank's security interests were the first and best liens on Debtor's assets as evidenced by a real

---

[1] The parties repeatedly characterize the Defendants as having guaranteed or being guarantors of the Bank debt. The loan documents in issue, which are part of the Trustee's motion response and have not been contested as such by Defendants notwithstanding their lack of authentication by affidavit or otherwise, present somewhat different facts. Along with its apparent execution by Debtor and others, Tilton's name and a signature purporting to be his appear on the promissory note. Tilton thus appears to be a maker of the promissory note. *See* Ohio Rev. Code §§ 1303.01(A)(7)[UCC. 3-103]; 1303.14[UCC 3-116]. Defendant Barbara Tilton's name and purported signature appear on a separate document called a Commercial Guaranty with reference to the promissory note. As it does not appear to the court to make a difference with respect to the claims asserted by the Trustee in this adversary proceeding and the result of the instant motion, the court will use the terminology and characterization adopted by the parties notwithstanding that it does not appear to be completely accurate.

[2] Although the matters that are the subject of Defendants' request for admissions were deemed admitted under Rule 36(a)(3), the court granted Plaintiff's motion to withdraw his admission to Defendants' request number 10. [Doc. #18].

2

estate mortgage and financing statements recorded and filed on or about October 15, 2003.

On or about May 15, 2006, the Bank set-off from Debtor's depository account with it approximately $410,000. The Bank applied this amount as payment in full of the Notes and, in turn, released its security interests in Debtor's assets. Thereafter, Debtor's assets were unencumbered.

On June 21, 2006, an involuntary bankruptcy case was commenced against Debtor under Chapter 7 of the Bankruptcy Code. Following the order for relief on the involuntary petition, the Trustee sold Debtor's assets free and clear of any security interest and realized proceeds from the sale of approximately $900,000, or some $500,000 in excess of the amount transferred to the Bank as payment in full on the Notes.

The Trustee admits that if the prepetition transfer to the Bank had not been made, the proceeds from the sale of Debtor's assets would have been applied to satisfy in full the debt owed to the Bank before any distribution to any of Debtor's unsecured creditors. As such, the Trustee admits that the transfer to the Bank was not a preferential transfer within the meaning of 11 U.S.C. § 547. [Def. Ex. A, Request for Admissions ## 7, 9]. The Trustee further admits that if the prepetition transfer to the Bank had not been made, Defendants would have been released as guarantors of the Notes after the Bank had been paid in full. [*Id.* at Request # 8]. Finally, the Trustee admits that Debtor's bankruptcy estate was not diminished by the transfer and that the transfer did not enable Defendants to receive more than they would have received had the Trustee sold Debtor's assets and paid the Bank as a secured creditor through the Chapter 7 case. [*Id.* at Request # 12].

## LAW AND ANALYSIS

### I. Summary Judgment Standard

Under Federal Rule of Civil Procedure 56, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7056, summary judgment is proper only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In reviewing a motion for summary judgment, however, all inferences "must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-88 (1986). The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion, "and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits if any' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). With respect to issues on which the nonmoving party bears the burden of proof, the burden on the moving party

3

may be discharged by pointing out to the court that there is an absence of evidence to support the nonmoving party's case. *Id.* at 325. (*Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). Where the moving party has met its initial burden, the adverse party "may not rest upon the mere allegations or denials of his pleading but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue for trial exists if the evidence is such that a reasonable factfinder could find in favor of the nonmoving party. *Id.*

## II. Preferential Transfer under 11 U.S.C. § 547[3]

Although the Trustee concedes that the prepetition transfer of funds to the Bank in full payment of the debt owed it by Debtor was not a preference under 11 U.S.C. § 547(b), he argues that Defendants' release as guarantors of the debt as a result of that payment constitutes a preference within the meaning of § 547(b). With certain exceptions not at issue in this case, that section provides as follows:

> [T]he trustee may avoid any transfer of an interest of the debtor in property–
> (1) to or for the benefit of a creditor;
> (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
> (3) made while the debtor was insolvent;
> (4) made–
>     (A) on or within 90 days before the date of the filing of the petition; . . .
> (5) that enables such creditor to receive more than such creditor would receive if–
>     (A) the case were a case under chapter 7 of this title;
>     (B) the transfer had not been made; and
>     (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b). The Trustee has the burden of proving by a preponderance of the evidence all five of the elements making a transfer avoidable under § 547(b). 11 U.S.C. § 547(g); *Corzin v. Decker, Vonau, Sybert & Lackey, Co., L.P.A. (In re Simms Construction Co.)*, 311 B.R. 479, 484 (B.A.P. 6th Cir. 2004).

Defendants do not dispute that, as guarantors of a debt owed by Debtor, they were creditors of Debtor that benefitted from the transfer to the Bank through the set off of the depository account that is at

---

[3] Section 547 was amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("the Act"), effective October 17, 2005. Because the underlying Chapter 7 bankruptcy case was filed after the effective date of the Act, the amended version of that section is applicable.

4

issue within the meaning of § 547(b)(1). *See Ray v. City Bank and Trust Co. (In re C-L Cartage Co., Inc.)*, 899 F.2d 1490, 1493 (6th Cir. 1990) (stating that guarantors of the debtor's obligation to the bank fall within the broad definition of "creditor" in § 101 since they have a contingent "claim" against the debtor and, as such, the debtor's payments to the bank were "to *or for the benefit of* a creditor" (emphasis added)). There is also no dispute that the transfer to the Bank, and as a result, the release of Defendants as guarantors of the bank debt, was made within ninety days before the bankruptcy petition was filed, and that the transfer was on account of an antecedent debt. Although the Trustee must also prove that Debtor made the transfers in issue while it was insolvent, there is a statutory presumption of insolvency during the ninety days immediately preceding the filing of bankruptcy. 11 U.S.C. § 547(f). Defendants offer no evidence to rebut that statutory presumption. *See Oakes v. Spalding (In re Oakes)*, 7 F.3d 234 (Table), 1993 WL 339725, *2 (6th Cir. Sept. 3, 1993) (citing *In re Sierra Steel, Inc.,* 96 B.R. 275, 277 (B.A.P. 9th Cir. 1989) and explaining that the presumption vanishes only after the transferee comes forward with substantial evidence of solvency). Thus, there is no dispute that the transfer at issue was made while Debtor was insolvent.

The Trustee, however, has offered no evidence of the final element of his preference claim, that is, that Defendants received more than they would have received had the transfers not been made and they had instead waited for liquidation and distribution of assets of the estate in Debtor's Chapter 7 case. Rather, the Trustee admits that the transfer to the Bank did not enable Defendants to receive more than they would have received had the Trustee sold Debtor's assets and paid the Bank as a secured creditor. The Trustee sold what would have been the Bank's collateral for approximately $900,000, some $500,000 more than the transfer to the Bank. The Bank would have been paid in full through the Chapter 7 process. The Bank was thus fully secured. "It is well established that 'payments to a creditor who is fully secured are not preferential since the creditor would receive payment up to the full value of his collateral in a chapter 7 liquidation.'" *Decker, Vonau*, 311 B.R. at 488 (quoting *In re C-LCartage*, 899 F.2d at 1493). And had Defendants been called upon to pay the Bank debt instead of its payment through the pre-petition transfer of Debtor's assets effected by the set off, they would have been subrogated to the Bank's fully secured position. 11 U.S.C. § 509; *Miller v. Rausch-Alan, Inc. (In re Gamest, Inc)*, 129 B.R. 179, 182 n.3 (Bankr. D. Minn. 1991). Having received no greater benefit than they would have received as a creditor in Debtor's Chapter 7 case, the Defendants' release as guarantors of the debt owed by Debtor to the Bank was not a preferential transfer under § 547(b).

The Trustee having admitted that the $750 transfer to Tilton was not a preference, and there being

5

no genuine issue of material fact regarding the transfer to the Bank and resulting release of Defendants' obligations as guarantors, for the foregoing reasons, Defendants are entitled to summary judgment in their favor on the Trustee's preference claims. A separate final judgment conforming to this memorandum of decision and order will be entered by the court.

**THEREFORE**, for the foregoing reasons, good cause appearing,

**IT IS ORDERED** that Defendants' motion for summary judgment [Doc. # 9] be, and hereby is, **GRANTED.**